**IN THE UNITED STATES DISTRICT COURT**
**<u>FOR THE DISTRICT OF MARYLAND</u>**

|  |  |
|---|---|
| KIMBERLY THACKSTON | ) |
| 7545 SPRING LAKE DR. | ) |
| BETHESDA, MD  20817 | ) |
|  | ) |
| AND | ) |
|  | ) |
| JANA WILSON | ) |
| 7545 SPRING LAKE DR. | ) |
| BETHESDA, MD 20817 | ) |
|  | ) |
| COMPLAINANTS | ) |
|  | ) |
|  | ) |
|  v. | ) |
|  | ) |
|  | ) |
| CORDELL RESTAURANT | ) |
| ASSOCIATES, LLC | ) |
| 4922 CORDELL AVENUE | ) |
| BETHESDA, MD  20814 | ) |
|  | ) |
| and | ) |
|  | ) |
| GABRIEL COULON | ) |
| 3604 LITTLEDALE ROAD | ) |
| KENSINGTON, MD  20895 | ) |
|  | ) |
| and | ) |
|  | ) |
| ROBERT COULON | ) |
| 17906 CHATTERLY TERRACE | ) |
| GERMANTOWN, MD  20874 | ) |
|  | ) |
| and | ) |
|  | ) |
| CHRISTOPHER SANSONE | ) |
| 5276 POOKS HILL ROAD | ) |
| BETHESDA, MD  20814 | ) |
|  | ) |

1

DEFENDANTS           )

## COMPLAINT

Plaintiffs, Kimberly Thackston and Jana Wilson by their below signed attorneys, asserts claims for unpaid minimum wages, overtime compensation and damages incurred by negligent, intentional, and fraud under Federal and State law and common law and for their Complaints on behalf of themselves and all those similarly situated, against Cordell Restaurant Associates, LLC, d/b/a Caddies on Cordell, Gabriel Coulon, Robert Coulon,, and Chris Sansone, alleges as follows:

## JURISDICTION AND VENUE

1.      Subject matter jurisdiction is conferred on this Court by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201 et seq, and 28 U.S.C. Section 1331. This Court has supplemental and pendant jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. Section 1367(a), which arise under Maryland Wage and Hour Law Section 3-401 et. seq., Maryland Wage Payment Act Section 3-501 et. seq. and Montgomery County Code, Ch. 27 Art. XI and under common law since all actions arise under a common nucleus of operative facts.

2.      Venue properly lies in this Court since named Plaintiffs and, upon information and belief, all Defendants reside in Montgomery County and all acts giving rise to Plaintiffs claims occurred in Montgomery County, Maryland.

## PARTIES

3.      Named Plaintiffs Thackston and Wilson are former employees of Defendant Cordell Restaurant Associates, LLC, d/b/a Caddies on Cordell (Hereinafter

"Caddies") and was so employed at all times from approximately April 2010 to May, 2015 as a waitress.

4. Upon information and belief, Defendant Gabriel Coulon is an owner and manager of Defendant Caddies.

5. Upon information and belief, Defendant Robert Coulon is an owner and manager of Defendant Caddies.

6. Upon information and belief, Defendant Christopher Sansone is an owner and manager of Defendant Caddies.

## COMMON FACTUAL ALLEGATIONS

7. Plaintiffs were employed by Defendants as waitresses at various times between 2010 and January 2016.  They were required by law to have been paid minimum wage for all hours worked and they received tips, pursuant to an unwritten tip pool arrangement mandated by Defendants' personnel practices.

8. Plaintiffs were paid by Defendants an hourly wage below the required minimum wage of $3.63 and $4.00 in January 2015.  In every two week period Plaintiffs were allegedly paid for a lesser number of hours than they actually worked.

9. Plaintiffs pay checks reflected zero pay for any given 2 week period, despite working in excess of 40 hours per week in certain pay periods.

10. Plaintiffs received cash and credit card tips which were erroneously reported on their pay statements and which were then misreported to the Federal and State of Maryland taxing agencies.

11. Plaintiffs were required to clock in and out and those records differ from the false payroll records of hours worked by Plaintiff as reported by Defendants on pay stub records.

12. Plaintiffs were required by Defendants to pay one third of their tips to other employees through a tip pool arrangement mandated by Defendants' pay practices.

13. These tips were erroneously stated as income on pay stub records when compared with daily time sheet receipts, the difference was phantom income reported to the Federal and State taxing authorities but which were not paid to nor retained by Plaintiffs.

14. Upon information and belief, payments were made from Plaintiffs' tips to back house employees, pursuant to Caddies' tip pool arrangement which rendered the entire tip pool arrangement illegal under the FLSA.

15. Plaintiffs regularly worked more than 40 hours in a work week and were not paid at a rate of time and one half of the minimum nor their regular hourly pay rate.

16. Plaintiffs were not paid at a rate of $4.00 (Prior to January 1, 2015 Plaintiffs were not paid the required minimum of $3.63) as required by the Montgomery County Wage Code.

17. Defendants regularly misreported Plaintiffs. income and social security tax withholding from wages and tips to Federal, State and Local taxing authorities from 2010 through 2016.

18. Defendants issued false W-2 tax reporting statements to Plaintiffs that failed to accurately state Plaintiff's income nor did they properly withhold and submit payroll taxes on behalf of Plaintiffs.

4

19.    Defendants failed to properly report Plaintiffs' wages to the Social Security Administration which has resulted in an erroneous social security earnings record and negatively impact their benefit calculation.

20.    Defendant Robert Coulon falsely told both Plaintiffs that these pay practices and underreporting of tips and income were for their advantage.

## COUNT I

## VIOLATION of FAIR LABOR STANDARDS ACT

21.    Plaintiffs incorporate by reference Paragraphs 1-20, as though fully set forth herein.

22.    Upon information and belief, Caddies regularly conducted business in excess of $500,000 in goods and services in a calendar year.

22.    Defendants failed to pay Plaintiffs the minimum wage required by law, 29 U.S.C. Section 206.

23.    Defendants failed to pay Plaintiffs at the rate of time and one half for hours worked in excess of 40 hours as required by 29 U.S.C. Section 207.

24    Defendants failed to make, and retain for three years, various accurate records required by law. 29 U.S.C. Section 211 ( c ); Department of Labor, Fact Sheet 21.

25.    Defendants falsified payroll records required to be made and maintained by law, Department of Labor, Fact Sheet 21.   29 U.S.C. Section 211( c ).

26.    Defendants tip pool arrangement violates the FLSA and is invalid which prevents Defendants from claiming any tip credit towards the minimum wage.

27. Defendants conduct was willful or taken in reckless disregard of the law which entitles Plaintiff to liquidated damages pursuant to 29 U.S.C. 216.

**WHEREFORE,** Plaintiffs request that this Court enter judgment against Defendants and award them the unpaid minimum wage and overtime pay to which they were entitled to receive; liquidated damages; prejudgment interest and reasonable costs and attorney's fees incurred in prosecuting this action and such other relief as this Court deems just.

## COUNT II

## VIOLATION of MARYLAND WAGE AND HOUR LAW

28. Plaintiff incorporates by reference Paragraphs 1-27, as though fully set forth herein.

29. Defendants employ more than two (2) employees at Caddies.

30. Defendants failed to pay Plaintiffs the minimum wage or overtime wages required by law.  Maryland Labor and Employment Code, Section 3-419.

31. Defendants tip pool arrangement violates the Maryland Wage and Hour Law and is invalid which prevents Defendants from claiming any tip credit towards the minimum wage.

32. Defendants conduct was willful or taken in reckless disregard of the law.

**WHEREFORE,** Plaintiffs request that this Court enter judgment against Defendants and award them the unpaid minimum wage and overtime pay to which they were entitled to receive; liquidated damages; prejudgment interest and reasonable costs and attorney's fees incurred in prosecuting this action and such other relief as this Court deems just.

## COUNT III

## VIOLATION of MARYLAND WAGE PAYMENT LAW

33. Plaintiffs incorporate by reference Paragraphs 1-32 of the Complaint, as though fully set forth herein.

34. Defendants failed to pay Plaintiffs their full wages when they were due.

35. Defendants falsified Plaintiffs' payroll data when this information was forwarded to Paychex, its payroll administrator and when it was reported to the Federal and State taxing agencies.

36. Defendants conduct was willful and intentional and not as a result of a bona fide dispute.

**WHEREFORE,** Plaintiffs request that this Court enter judgment against Defendants and award them the unpaid wages which they were entitled to receive; treble damages; prejudgment interest and reasonable costs and attorney's fees incurred in prosecuting this action, and such other relief as this Court deems just.

## COUNT IV

## VIOLATION of MONTGOMERY COUNTY CODE

37. Plaintiffs incorporate by reference Paragraphs 1-36, as though fully set forth herein.

38. Defendants failed to pay Plaintiffs a minimum wage of $4.00 for all hours worked after January 1, 2015 and $3.63 before that date.

39. Defendants failure to pay this wage was a violation of Montgomery County Code, Ch. 27 Article XI.

40. Defendants' conduct was willful and intentional.

**WHEREFORE,** Plaintiffs request that this Court enter judgment against Defendants and award them the unpaid minimum wage to which they are entitled to receive; liquidated damages, prejudgment interest and reasonable costs and attorney's fees incurred in prosecuting this action, and such other relief as this Court deems just.

### COUNT V

### COMMON LAW FRAUD

41. Plaintiffs incorporate by reference Paragraphs 1-40, as though fully set forth herein.

42. Defendants false statement that its pay practices would inure to Plaintiffs' benefit was relied upon by Plaintiffs.

43. Defendants false payroll statements and pay practices were relied upon by Plaintiffs to be in compliance with all laws.

44. Plaintiffs' reliance was reasonable under the circumstances.

45. Defendants conduct caused Plaintiffs harm including inability to file accurate Federal and State tax returns and incorrect social security contribution history.

46. Defendants' conduct resulted in underpayment of Plaintiffs tax withholdings to their detriment.

47. Defendants conduct caused Plaintiffs mental anguish and distress leading to, among other injuries and damages, an inability to timely file tax returns to Federal,

State and Local governmental taxing authorities and resultant anticipated assessment of penalty and interest.

**WHEREFORE,** Plaintiffs request that this Court enter judgment against Defendants and award them actual lost wages and the lost value resulting from the under payment and lack of social security contribution history, compensatory damages for emotional distress and pain and suffering, punitive damages, prejudgment interest and reasonable costs and attorney's fees incurred in prosecuting this action, and such other relief as this Court deems just.

### JURY DEMANDED

Plaintiff requests trial by jury.

Respectfully submitted,

**KAHN & SCHARMAN, LLC**

By:_____/s/_____
Steven C. Kahn
Clifford J. Scharman
401 E. Jefferson Street, Suite 201
Rockville, MD 20850
(301)-455-6462
cjscharman@msn.com

Counsel for Plaintiff

May 9, 2016